Antonio ESPOSITO, Petitioner,

v.

John ASHCROFT, Attorney General of the United States; Tom Ridge, Secretary, Department of Homeland: Security; Asa Hutchinson, Undersecretary, Border & Transportation: Security; Michael Garcia, Assistant Secretary, Bureau of Immigration and: Customs Enforcement; Edward J. McElroy, District Director, Bureau of: Immigration and Customs Enforcement; Respondents.

Nos. 03–CV–2434, 97–CV–3888.

United States District Court, E.D. New York.

Oct. 10, 2003.

Michael P. DiRaimondo, DiRaimondo & Masi, LLP, Melville, NY, for Petitioner.

Dione M. Enea, Scott Dunn, Brooklyn, NY, for Respondents.

Michael P. DiRaimondo, Fitzpatrick, Cella, Harper & Scinto, New York, NY, for Petitioner.

### MEMORANDUM, ORDER AND JUDGEMENT

WEINSTEIN, Senior District Judge.

#### I. Introduction

This habeas corpus proceeding, commenced in 2003, is dismissed because: (1) the judgment dismissing an almost identical 1997 petition was supported by findings of fact and conclusions of law that should not be reconsidered in the absence of new relevant factual or legal issues; and (2) the common law abuse of writ doctrine mandates denial on equitable grounds—a litigant with unclean hands can expect little help from equity.

To prevent deportation as an alien who had committed a serious crime, petitioner sought a writ of habeas corpus in this court in July 1997. After a hearing, the petition was dismissed on the merits.

Petitioner did not appeal. Absconding, he failed to surrender as ordered to the immigration authorities for deportation.

Nearly six years later, in April 2003, he was apprehended. He promptly filed a second habeas petition, challenging his order of deportation on the same grounds rejected in 1997.

## II. Facts

Petitioner is a citizen of Italy. He was admitted to the United States as a lawful permanent resident in July 1970. He resides in New York with his United States citizen wife and two children. In April 1986 he was convicted of possession of marijuana, possession with intent to distribute cocaine, and possession of a sawed-off shotgun. He was sentenced to, respectively, 12 months, 20 years and 5 years imprisonment; all but 12 months were suspended conditioned on good behavior for 20 years.

In June 1987 the Immigration and Naturalization Service ("INS") initiated deportation proceedings on the basis of petitioner's 1986 drug and firearm convictions. *See* Immigration and Nationality Act ("the Act"), §§ 241(a)(11), (a)(14), 8 U.S.C. § 1251(a)(11), (a)(14) (1988), *renumbered and amended by* the Immigration Act of 1990, Pub.L. No. 101–649, § 602, 104 Stat. 4978 (Nov. 29, 1990), *redesignated by* the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, § 305(a)(2), 110 Stat. 3009 (Sept. 30, 1996) (redesignating § 241 as § 237).

In April 1988 an immigration judge found petitioner deportable on the basis of his convictions and statutorily ineligible for relief from deportation under former section 212(c) because of his weapons offense. No appeal was filed with the Board of Immigration Appeals ("BIA"). Allegedly, counsel had promised petitioner he would file an appeal and failed to do so. *See Esposito v. INS*, 987 F.2d 108, 110 (1993).

Filed with the immigration judge in October 1989 was a motion to reopen deportation proceedings on the ground that petitioner's prior counsel was ineffective. The motion was denied in December 1989. The BIA affirmed the decision in May 1992.

Petitioner then filed a petition for review with the United States Court of Appeals for the Second Circuit. In March 1993 that court vacated the BIA's decision and remanded the case for further consideration of petitioner's eligibility for relief from deportation under former section 212(c). *See Esposito v. INS*, 987 F.2d at 112. On remand, the BIA, in March 1995, again denied the motion to reopen.

Petitioner then filed a second petition for review with the Court of Appeals for the Second Circuit. By stipulation of the parties, the appeal was removed from active consideration of the court so that petitioner, who became the beneficiary of an approved immigrant visa petition in March 1995, could file a new motion to reopen his deportation proceedings. The motion was based upon the BIA's decision in *Matter of Gabryelsky*, 20 I. & N. Dec. 750, 754–56, 1993 WL 495142 (BIA 1993), which allows an alien like petitioner, who has been convicted of both a firearms offense and a narcotics offense, to simultaneously apply for adjustment of status under section 245 of the Act and relief from deportation under former section 212(c), based upon "the legal fiction that the ... procedures occur at exactly the same time, thereby eliminating the obstacle to relief otherwise posed by the other conviction." *Drax v. Reno*, 338 F.3d 98, 103 (2d Cir.2003).

The BIA denied the motion to reopen in January 1997. Declining to grant relief from deportation under section 212(c), it concluded that adverse factors, including

petitioner's criminal record and misrepresentations to immigration authorities about his marital status, outweighed any favorable history. *See In re Antonio Esposito* (BIA Jan. 30, 1997).

In March 1997 petitioner reinstated his petition for review before the Court of Appeals for the Second Circuit. It was dismissed on jurisdictional grounds. *See Esposito v. INS,* No. 95–4067 (2d Cir. May 20, 1997).

Petitioner filed a petition for a writ of habeas corpus in this court in July 1997. He claimed that the BIA erred as a matter of law: (1) in finding him ineligible for section 212(c) relief; (2) in denying his application for 212(c) relief without conducting a hearing; (3) in denying his application for adjustment of status without conducting a hearing; and (4) in violating his due process rights. *See* Petition for Writ of Habeas Corpus at 6, *Esposito v. Reno* (E.D.N.Y.1997) (No. 97–3888).

After a hearing in July 1997, this court dismissed the petition and denied the request for an order staying deportation. It concluded that the BIA had conducted an adequate review of petitioner's claims and had exercised its discretion appropriately. *See* 1997 Tr. at 36–37.

Petitioner did not appeal. Instead, he failed to surrender to the INS.

He was not apprehended until April 2003. He is presently incarcerated, awaiting deportation.

In May 2003 petitioner filed a second petition for a writ of habeas corpus. Petition for Writ of Habeas Corpus, *Esposito v. Ashcroft* (E.D.N.Y.2003) (No. 03–2434). The claims are, as already noted, identical to the ones asserted and dismissed in 1997.

### III.  Law

A.  Reopening for Clarification of the Grounds for Dismissal

■ When denying a petition for a writ of habeas corpus, a district court will state the findings of fact and conclusions of law that formed the basis for its decision. *Miranda v. Bennett,* 322 F.3d 171, 175 (2d Cir.2003); *cf. Sumner v. Mata,* 449 U.S. 539, 548, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981) ("[A] court need not elaborate or give reasons for rejecting claims which it regards as frivolous or totally without merit."). Sufficient identification of the grounds for a decision is required to permit "meaningful appellate review." *Miranda,* 322 F.3d at 175. A review of a district court's decision will proceed if the appellate court is "able to discern enough solid facts from the record to permit [it] to render a decision." *Id.* at 175 (quoting *Davis v. New York City Housing Authority,* 166 F.3d 432, 436 (2nd Cir.1999)).

B.  Reopening under Rule 60(b)

■ Pursuant to Federal Rule of Civil Procedure 60(b) a party may move to reopen a prior proceeding on the equitable grounds of mistake, newly discovered evidence, fraud or any reason that would "justif[y] relief from the operation of the judgment". Fed.R.Civ.P. 60(b)(1)-(3), (6). The motion must be made within a "reasonable time." If made on the basis of mistake, newly discovered evidence or fraud, it must be made within one year after the judgment was ordered. Relief from a judgment under Rule 60(b) "is properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters,* 247 F.3d 370, 391 (2d Cir.2001). A motion pursuant to Rule 60(b)(6)'s catch-all provision imposes a higher standard of extraordinary circumstances. *See Ackermann v. United States,* 340 U.S. 193, 199, 71 S.Ct. 209, 95 L.Ed. 207 (1950).

C.  Section 106 of the Immigration and Nationality Act

■ In enacting Section 106, Congress sought to "minimize dilatory and repeti-

tious litigation of deportation orders." *Agosto v. I.N.S.,* 436 U.S. 748, 756 n. 7, 98 S.Ct. 2081, 56 L.Ed.2d 677 (1978). The section provides in part:

No petition for review or for habeas corpus shall be entertained if the validity of the order has been previously determined in any civil or criminal proceeding, unless the petition presents grounds which the court finds could not have been presented in such prior proceeding, or the court finds that the remedy provided by such prior proceeding was inadequate or ineffective to test the validity of the order.

Immigration and Nationality Act ("the Act"), § 106(c), 8 U.S.C. § 1105a(c) (1994), *repealed by* the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, Div. C, Title III, § 306(b), 110 Stat. 3009–612 (Sept. 30, 1996). Section 106 of the Act continues to apply to deportation orders that became final before October 30, 1996. *See Henderson v. INS,* 157 F.3d 106, 117 (2d Cir.1998) ("Deportation orders that became final before October 30, 1996, are not affected by IIRIRA and are governed by the 1961 Immigration Act—as amended, of course, by the AEDPA.").

### D. Abuse of Writ

■ Although *res judicata* does not automatically provide a basis for dismissing a later habeas corpus petition, a prior adjudication may be given "controlling weight." *See McCleskey v. Zant,* 499 U.S. 467, 480–81, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991) (quoting *Salinger v. Loisel,* 265 U.S. 224, 231, 44 S.Ct. 519, 68 L.Ed. 989 (1924)). Under the common law abuse of writ doctrine, a court's prior dismissal of a like habeas petition bears "vital relevance to the court's discretion in determining whether to consider [a successive] petition." *McCleskey,* 499 U.S. at 482, 111 S.Ct. 1454.

■ In order to preserve the finality of judgments, a successive habeas petition that fails to allege new or different grounds of relief is disfavored. *See id.* at 483, 491, 111 S.Ct. 1454. The abuse of writ doctrine is governed by equitable principles including "the principle that a suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks, and ... these principles must be applied within the sound discretion of district courts." *Id.* at 484–85, 111 S.Ct. 1454 (internal quotes omitted) (quoting *Sanders v. United States,* 373 U.S. 1, 17–18, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963)). This doctrine has been applied to section 2241 habeas petitions in which an alien seeks to challenge an order of deportation. *See Zayas v. INS,* 311 F.3d 247, 257 (3rd Cir.2002).

### IV. Application of Law to Facts

### A. Reopening the 1997 Habeas Petition for Clarification of the Grounds for Dismissal

■ Petitioner's 1997 habeas petition was dismissed by this court orally on the record at a hearing. No written opinion was issued. The dismissal was supported by oral findings of fact and conclusions of law sufficiently detailed to satisfy the *Miranda v. Bennett* standard. Reopening of the 1997 habeas petition to reiterate the reasons for the decision is not warranted.

A full hearing on the petition for a writ of habeas corpus and request for a stay of surrender and a stay of deportation was held in July 1997. Both parties were given an opportunity to brief and argue the matter. Orally on the record, the court reviewed the case in detail. It dismissed the habeas petition on the ground that the BIA, in denying petitioner's 1995 motion to reopen, conducted an adequate review of his claim for relief and exercised its discre-

tion appropriately. *See* 1997 Tr. at 36–37. In support of its determination that the 212(c) hearing was adequate, the court referred to the fact that the BIA considered the amount of the drugs and the cache of weapons possessed by petitioner, his marital status and his good works, as well as the arguments of his attorney.

The court rejected counsel's suggestion that a further hearing was needed. It determined that live testimony was not required under the Due Process Clause or international human rights law. *See* 1997 Tr. at 37–38, 42.

At the conclusion of the hearing, the court denied the request for a stay of surrender and dismissed the habeas petition. It granted a stay of deportation for five days to enable petitioner to appeal to the Court of Appeals. Counsel indicated he intended to appeal. *See* 1997 Tr. at 42–44. He did not appeal.

The court's decision provided sufficient basis for meaningful appellate review. It made appropriate findings of fact and referred to constitutional and human rights law in support of its conclusions of law. In light of petitioner's failure to appeal, his claim that the court's decision provided insufficient grounds for an appeal lacks weight.

### B. Inapplicability of Rule 60(b)

■ Even if the 1997 decision did not satisfy the *Miranda* standard, petitioner's request that the judgment be reconsidered does not meet the requirements of Rule 60(b). Insofar as it may be construed as a motion for relief from judgment on the basis of mistake, it is time-barred because it was filed more than one year after the judgment was entered. It is also barred under other provisions of Rule 60(b) because the request, which comes nearly six years after the entry of judgment, was not made "within a reasonable time." Peti-

tioner has failed to show the exceptional or extraordinary circumstances required for a Rule 60(b) motion.

### C. Section 106 of the Immigration and Nationality Act

Petitioner's order of deportation arguably became final before October 30, 1996. Nevertheless petitioner argues that the BIA's 1997 denial of his motion to reopen did not become final while section 106 was in effect. He contends that it is the 1997 order that is operative. There is no need to resolve the issue of section 106's applicability since petitioner's habeas petition is dismissed on alternate grounds.

### D. Abuse of Writ

■ The present habeas application is barred by the common law abuse of writ doctrine. It sets forth claims that are identical to those raised in the habeas petition dismissed on the merits in 1997.

As a matter of equity, petitioner is not entitled to the relief he seeks. After the denial of his 1997 habeas petition he failed to appeal or to comply with the order to surrender for deportation. The only reason he is before this court again is because he was recently apprehended by the Bureau of Immigration and Customs Enforcement after evading deportation for nearly six years. A favorable exercise of equitable discretion is not warranted.

### V. Conclusion

The petition is dismissed.

A stay of deportation for five days to permit application for a further stay to the Court of Appeals for the Second Circuit is granted.

SO ORDERED.