**Antonio ESPOSITO, Petitioner–
Appellant,**

v.

**John ASHCROFT, Attorney General,
et al., Respondents–Appellees.**

**Docket No. 03–2827–pr.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 28, 2004.

Decided Dec. 23, 2004.

Michael P. DiRaimondo, DiRaimondo & Masi, LLP, Melville, NY, for Petitioner–Appellant.

Varuni Nelson, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, F. Franklin Amanat and Steven Kim, Assistant United States Attorneys, on the brief), Brooklyn, NY, for Respondents–Appellees.

Before: WALKER, Chief Judge, LEVAL and KATZMANN, Circuit Judges.

PER CURIAM.

Petitioner-appellant Antonio Esposito appeals from the October 14, 2003 judgment of the district court (Jack B. Weinstein, *Judge* ) dismissing his petition, filed pursuant to 28 U.S.C. § 2241, seeking relief from an order of deportation. This petition was filed some six years after an earlier habeas petition had been denied on the merits by the district court. Esposito, rather than pursue his available remedies by appealing the denial of that petition, absconded from the pending order of deportation. The present petition, which seeks to relitigate the same issues that were presented and rejected in the first petition, was not filed until Esposito, having been located by immigration officials, was arrested and once again faced imminent deportation. We affirm the district court's dismissal, and take this opportunity to clarify the scope of the "abuse of the writ" doctrine.

We "review a district court's denial of habeas relief *de novo,* but we review its findings of fact only for clear error." *Tueros v. Greiner,* 343 F.3d 587, 590 (2d Cir. 2003); *see also Rankine v. Reno,* 319 F.3d 93, 98 (2d Cir.2003). The district court, in a thoughtful and thorough Memorandum Opinion and Order, found that several bases were available for dismissing Esposito's second petition. *See Esposito v. Ashcroft,* 288 F.Supp.2d 292 (E.D.N.Y.2003). Without expressing any view concerning the alternative avenues addressed by the district court, we conclude that the district court did not err in dismissing the petition as an "abuse of the writ."

■ Under the common law "abuse of the writ" doctrine, a court need not entertain a petition that abuses the habeas process. One frequently recognized indicator of abusiveness is whether the petitioner could have asserted his present claims in his prior petition. *See, e.g., Slack v. McDaniel,* 529 U.S. 473, 485–86, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (discussing doctrine); *McCleskey v. Zant,* 499 U.S. 467, 470, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991) (same); *James v. Walsh,* 308 F.3d 162, 167 (2d Cir.2002); *see also United States ex rel. Gregoire v. Watkins,* 164 F.2d 137, 138 (2d Cir.1947) (Swan, *J.* ) (applying doctrine to alien challenge to deportation). Esposito argues that the abuse of the writ doctrine is limited to such circumstances of piecemeal litigation and, therefore, does not cover the repetition of claims raised in his first petition. This argument misunderstands the nature of the doctrine. Depending on the circumstances, the repetition of a previously asserted claim can be at least as abusive as raising new claims that could have been pursued in a prior petition. In addition, as noted by the district court, because habeas corpus is equitable in nature, the petitioner's own conduct can have a significant bearing on whether abuse is found. *See McCleskey,* 499 U.S. at 484–85, 111 S.Ct. 1454 ("[E]quitable principles govern[ ] abuse of the writ, including the principle that a suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks, and ... must be applied within the sound discretion of district courts.") (internal quotation marks omitted).

■ Applying the foregoing to the facts here, we find particularly compelling the

district court's reasoning in dismissing the petition:

As a matter of equity, [Esposito] is not entitled to the relief he seeks. After the denial of his 1997 habeas petition he failed to appeal or to comply with the order to surrender for deportation. The only reason he is before this court again is because he was recently apprehended by the Bureau of Immigration and Customs Enforcement after evading deportation for nearly six years. A favorable exercise of equitable discretion is not warranted.

*Esposito,* 288 F.Supp.2d at 297.

Having thoroughly considered appellant's arguments and the record below, we find no error in the district court's order. Accordingly, the judgment of the district court is hereby AFFIRMED.