**Rafiu Ajadi ABIMBOLA,**
Petitioner–Appellant,

v.

**Tom RIDGE, Secretary, Dep't of Homeland Security, et al.,**
Respondents–Appellees.

No. 05–2700–cv.

United States Court of Appeals,
Second Circuit.

May 18, 2006.

---

98

Rafiu Ajadi Abimbola, Gadsden, AL, for Appellant, pro se.

Kevin J. O'Connor, United States Attorney for the District of Connecticut, John B. Hughes, William J. Nardini, Assistant United States Attorneys, Connecticut, for Appellee, of counsel.

PRESENT: Hon. THOMAS J. MESKILL, Hon. CHESTER J. STRAUB, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner-appellant Rafiu Ajadi Abimbola, *pro se,* appeals from the judgment of the United States District Court for the District of Connecticut (Kravitz, *Judge* ) denying his 28 U.S.C. § 2241 petition, and from the District Court's subsequent order denying Abimbola's motion for reconsideration. The parties' familiarity with the facts, legal claims and arguments is assumed. Upon review of the record and applicable law, we affirm the District Court's judgment.

This Court reviews *de novo* the District Court's denial of a § 2241 petition. *See Rankine v. Reno,* 319 F.3d 93, 98 (2d Cir.2003). 28 U.S.C. § 2241(c)(3) authorizes a district court to consider the legal claims of a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States."

The BIA issued Abimbola's final order of removal in February 2002; Abimbola sought judicial review of the removal order through a petition for review, which the Fifth Circuit denied. Further, Abimbola filed in the district courts several § 2241 petitions challenging the order of removal and his detention, including the instant petition, filed on May 25, 2004. In August 2004, this Court, ruling on one of Abimbola's previous petitions, found Abimbola removable as an aggravated felon and ordered the INS to remove him to Nigeria. *See Abimbola v. Ashcroft,* 378 F.3d 173, 180–81 (2d Cir.2004). As in *Wang v. Ashcroft,* 320 F.3d 130 (2d Cir.2003), this Court's decision ensured that Abimbola was being held under the statutory authority of Immigration and Nationality Act ("INA") § 241(a), which governs the detention of aliens following a final order of removal, rather than § 236(c), which governs the detention of certain criminal aliens prior to such an order. Accordingly, "[t]o the extent that [Abimbola] previously may have had a cognizable due process argument under § 236, that claim has been rendered moot." *Wang,* 320 F.3d at 147.

We review Abimbola's custody under INA § 241(a) for compliance with the due process limitations set forth in *Zadvydas v. Davis,* 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). In *Zadvydas,* the Supreme Court determined that, in the "post-removal-period," indefinite detention of the alien violates the constitution, and construed INA § 241 "to contain an implicit

'reasonable time' limitation." 533 U.S. at 682, 121 S.Ct. 2491. Thus, an alien may be detained after the 90–day removal period for only so long as is "reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689, 121 S.Ct. 2491. The Supreme Court added that detention for longer than six months is presumptively unreasonable. *Id.* at 701, 121 S.Ct. 2491. Therefore, after six months, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* The Supreme Court cautioned, though, that, despite this presumption, an alien may still be held until it is determined that removal will not take place within the reasonably foreseeable future. *Id.*

Abimbola has not demonstrated that there is no significant likelihood of removal in the reasonably foreseeable future. Although Abimbola has been detained well beyond the six-month period, the INS has reviewed Abimbola's detention on at least two occasions, providing him with notice of at least the most recent reviews, and determined that Abimbola was a flight risk and that his removal could be effectuated as soon as judicial review of his removal was complete. Further, although Abimbola presented evidence that Nigeria was not willing to accept him because of his lack of familial ties to the country, the INS rebutted Abimbola's evidence by providing information from the Nigerian Embassy in Washington, D.C. indicating that the Embassy was prepared to issue Abimbola travel documents at the completion of his pending habeas case.

The District Court and the Government both correctly identify the real reason for Abimbola's lengthy detention: Abimbola's consistent pattern of seeking and/or re-ceiving numerous judicial stays and filing his numerous petitions for reconsideration and appeals. For example, since the filing of this appeal in June 2005, Abimbola has filed two other actions in this Court alone, and filed motions to stay his removal, which trigger the application of this Court's forbearance policy. As the District Court noted, a self-inflicted wound should not establish grounds for Abimbola's *Zadvydas* claim. *See Doherty v. Thornburgh,* 943 F.2d 204, 205 (2d Cir.1991).

This Court reviews a district court's denial of a motion for reconsideration for abuse of discretion. *See Cody v. Town of Woodbury,* 179 F.3d 52, 56 (2d Cir.1999). The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can identify controlling decisions or data that the court overlooked— *i.e.,* matters that may reasonably be expected to alter the conclusion reached by the district court. *Shrader v. CSX Transp.,* 70 F.3d 255, 257 (2d Cir.1995). Abimbola fails to meet this strict standard. Abimbola merely reiterates the same arguments properly rejected by the District Court and fails to cite any controlling decisions or data that the District Court overlooked which would permit a court to reach a different conclusion.

We have considered Abimbola's remaining arguments and find them to be without merit. To the extent that Abimbola moves to correct the record, for appointment of counsel, and to include additional, newly discovered documents in the record on appeal, these pending motions are denied as moot. Accordingly, for the reasons set forth above, we AFFIRM the judgment and subsequent orders of the District Court.