**Ronald C. GREENLAND, Petitioner,**

v.

**INS/ICE DEP'T OF HOMELAND SEC. DISTRICT DIRECTOR, Respondent.**

No. 08–CV–6273L.

United States District Court, W.D. New York.

Feb. 24, 2009.

Ronald C. Greenland, Batavia, NY, pro se.

Gail Y. Mitchell, U.S. Attorney's Office, Buffalo, NY, for Respondent.

*DECISION AND ORDER*

DAVID G. LARIMER, District Judge.

**INTRODUCTION**

Petitioner Ronald Greenland ("petitioner") has filed a petition for a writ of habeas corpus challenging his detention in the custody of the Department of Homeland Security ("DHS"), pending deportation under a final order of removal from the United States. *See* Petition (Dkt. #1). On August 15, 2008, respondent served an answer and memorandum of law in opposition to the petition. (Dkt. #4, #5). Petitioner has moved for summary judgment in his favor (Dkt. #6), and for expedited disposition of his petition (Dkt. #8), and

DHS has cross-moved for summary judgment dismissing the petition (Dkt. # 7).

For the reasons set forth below, petitioner's motion is denied, summary judgment is granted in favor of DHS, and the petition is dismissed.

## DISCUSSION

Petitioner has requested release from continued detention in the custody of DHS, on the grounds that he was has been detained without a bond hearing in violation of Immigration and Nationality Act ("INA") § 236(c).

Although detention under such circumstances is generally subject to the time limitations imposed by 8 U.S.C. § 1231(a) and the applicable case law, on November 19, 2007, a formal stay was placed on petitioner's removal by the Second Circuit Court of Appeals, in connection with a pending action by petitioner. *See* 8 U.S.C. § 1231(a) (imposing 90–day deportation deadline following final order of removal), *modified by Zadvydas v. Davis*, 533 U.S. 678, 701, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001) (holding that 8 U.S.C. § 1231(a) authorizes detention following a final order of removal, for a period reasonably necessary to accomplish removal). The instant petition was filed on June 23, 2008, at which point petitioner had been in DHS custody for less than three months.

■ Initially, petitioner's reliance on the procedural safeguards of INA § 236(c) is misplaced. INA § 241(a) "governs the detention of aliens following a final order of removal, rather than § 236(c), which governs the detention of certain criminal aliens prior to such an order. Accordingly, '[t]o the extent that [petitioner] previously may have had a cognizable due process argument under § 236, that claim has been rendered moot' " by the entry of a final order of removal. *Abimbola v.*

*Ridge*, 181 Fed.Appx. 97, 98 (2d Cir.2006), *quoting Wang v. Ashcroft*, 320 F.3d 130, 147 (2d Cir.2003).

■ Moreover, to the extent that petitioner claims that his continued detention is unreasonable under INA § 241(a), the defendant is prevented from deporting the petitioner solely due to the stays effected by the Second Circuit. Such stays of removal do not, as a matter of law, automatically render the petitioner's detention into one of unreasonable length, and petitioner has offered no evidence to support such a conclusion. *See generally Abimbola*, 181 Fed.Appx. 97 at 99 (detention well in excess of six months is reasonable where petitioner has sought and received multiple stays, because "a self-inflicted wound should not establish grounds for [a petitioner's claim of unreasonable detention pursuant to *Zadvydas*]"), *citing Doherty v. Thornburgh*, 943 F.2d 204, 205 (2d Cir. 1991).

I have considered the remainder of petitioner's claims, and find them to be without merit.

## CONCLUSION

For the reasons stated above, petitioner's motion for summary judgment (Dkt. # 6) is denied with prejudice, DHS's motion for summary judgment (Dkt. # 7) is granted, and the petition is hereby dismissed. Petitioner's motion for expedited disposition of this matter (Dkt. # 8) is denied as moot.

IT IS SO ORDERED.