10-1736-pr
*Garcia v. Dep't of Homeland Sec.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of May, two thousand eleven.

PRESENT: WILFRED FEINBERG,
        ROGER J. MINER,
        RICHARD C. WESLEY,
               *Circuit Judges.*

_____

CARLOS GARCIA,

      *Petitioner-Appellant,*

  -v.-                                   10-1736-pr

DEPARTMENT OF HOMELAND SECURITY,

      *Respondent-Appellee.*

_____

FOR APPELLANT:    Carlos Garcia, *pro se*, Batavia, New York.

FOR APPELLEE:    Gail Y. Mitchell, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York.

Appeal from judgment entered April 22, 2010, in the United States District Court for the Western District of New

York (Telesca, *J.*), which denied Petitioner's third petition for habeas corpus, in which he claimed that his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED.**

Petitioner-Appellant Carlos Garcia, *pro se*, appeals from the district court's judgment insofar as it denied his third habeas petition, in which he alleged that his continued detention violates *Zadvydas*.  We assume the parties' familiarity with the underlying facts and the procedural history.

We review a district court's denial of habeas relief *de novo* but review its findings of fact only for clear error. *Esposito v. Ashcroft*, 392 F.3d 549, 550 (2d Cir. 2004) (per curiam).  "Under the common law 'abuse of the writ' doctrine, a court need not entertain a petition that abuses the habeas process.  One frequently recognized indicator of abusiveness is whether the petitioner could have asserted his present claims in his prior petition."  *Id.*  Thus, where a petitioner has failed to appeal a previous unfavorable habeas decision, raising a subsequent habeas petition with the same claim abuses the writ.  *See id.* at 551.

2

Generally, the government bears the burden of pleading abuse of the writ. *McCleskey v. Zant*, 499 U.S. 467, 494 1991); *see also Lewis v. McElroy*, 294 F. App'x 637, 640 (2d Cir. 2008). Nevertheless, this procedural rule that places the burden on the government does not prevent district courts from invoking the doctrine *sua sponte*, so long as the district court conforms to the same "clarity and particularity requirements set forth in *McClesky*." *Femia v. United States*, 47 F.3d 519, 523 (2d Cir. 1995) (internal quotation marks omitted). Before invoking the doctrine *sua sponte*, district courts must provide notice, except in circumstances where the petition, liberally construed, "admits of no possibility of actual prejudice." *Id.* at 524.

Here, it is clear that no prejudice ensued from the district court's *sua sponte* invocation of the abuse of the writ doctrine. We hold that Garcia's continued detention is lawful for substantially the same reasons as the district court provided when it denied his second petition. *See Garcia v. Heron*, No. 09-CV-416, 2009 WL 3231924, at *2-6 (W.D.N.Y. Oct. 1, 2008). Garcia is detained under INA § 236 pending our review of his claims, rather than INA § 241, which authorizes detention pending removal. *Id.* at *2.

3

*Zadvydas* applies to INA § 241, not INA § 236. *See Wang v. Ashcroft*, 320 F.3d 130, 146 (2d Cir. 2003). Thus, *Zadvydas* is inapplicable. In addition, Garcia's removal has been stayed at his own request. This self-inflicted wound cannot establish grounds for a *Zadvydas* claim. *See Abimbola v. Ridge*, 181 F. App'x 97, 99 (2d Cir. 2006). Moreover, a review of Garcia's second § 2241 petition shows that he was released from detention in January 2008, but violated the conditions of his release, removed his GPS device, absconded, and subsequently was re-detained after arrest by fugitive operations. These circumstances suggest Garcia is a flight risk.

Accordingly, the district court's denial of Garcia's third habeas petition is **AFFIRMED** to the extent that the petition alleged an unconstitutional, prolonged detention. We make no decision about Garcia's claim of derivative citizenship in his appeal docketed number 09-4211-pr, which remains pending before this Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk.

4