Usama Sadik Ahmed Abdel
WHAB, Petitioner,

v.

USA, Respondent.

No. 05–1214–OP.

United States Court of Appeals,
Second Circuit.

Submitted: April 11, 2005.

Decided: May 19, 2005.

Usama Sadik Ahmed Abdel Whab, Pike County Correctional Facility, Lords Valley, PA, Pro Se.

Jonathan Leiken, Assistant United States Attorney, United States Attorney's Office for the Southern District of New York, White Plains, NY, for Respondent.

Before: WALKER, Chief Judge, LEVAL, Circuit Judge, and DUPLANTIER, District Judge.*

LEVAL, Circuit Judge.

Petitioner, acting *pro se*, asks leave of this court to file a petition for habeas corpus under 28 U.S.C. § 2255 in the United States District Court for the Southern District of New York, seeking to overturn petitioner's federal criminal conviction. He has sought leave of this court in the belief that his petition is a "second or successive" petition, which, under the terms of § 2255 (last paragraph), may not be filed in the district court unless a panel of the court of appeals has first certified, as provided in § 2244, that it conforms to specified requirements. We hold that the petition is not "second or successive" within the meaning of § 2255. Because the petition does not fall under the gatekeeping provisions of § 2255, petitioner was free to file it directly in the district court. We therefore transfer the petition to the District Court for the Southern District of New York for whatever further proceedings the district court finds appropriate.[1]

## BACKGROUND

Petitioner was convicted in September 2002 of making a false statement in an

---

* The Honorable Adrian G. Duplantier, of the United States District Court for the Eastern District of Louisiana, sitting by designation.

1. On April 18, 2005, we issued a summary ruling, finding the leave application unnecessary, and transferring the petition to the district court. This opinion explains that ruling.

application for a passport, making and using a false writing in support of his application for a passport, and making a false statement to a federal agent. *See United States v. Whab*, 355 F.3d 155, 157 (2d Cir.2004). He was sentenced principally to a six-month term of imprisonment, followed by three years of supervised release. *Id.* In January 2004, this court affirmed his conviction. *Id.* at 164.

Petitioner filed an initial petition for writ of habeas corpus under 28 U.S.C. § 2255 in April 2004. The United States District Court for the Southern District of New York (Colleen McMahon, *J.*) denied the petition in June 2004 and declined to issue a certificate of appealability ("COA"). Petitioner then moved in this court for a COA. While that motion was pending in March 2005, petitioner filed this application in the court of appeals relating to a new petition. While the application was pending here in April 2005, a panel of this court denied petitioner's motion for a COA with respect to his initial § 2255 petition.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a "second or successive" petition for relief under § 2255 may not be filed in a district court, unless the petitioner first obtains the authorization of the court of appeals, certifying that the petition conforms to specified statutory requirements. 28 U.S.C. §§ 2255, 2244(b)(3)(A). The duty of the court of appeals to issue or deny such certification is commonly described as its "gatekeeping" function. *See, e.g., Thai v. United States*, 391 F.3d 491, 494 (2d Cir.2004) (per curiam). The authorization of the court of appeals is not needed, however, if the petition is not "second or successive" within the meaning of § 2255. The term "second or successive" petition is not defined by the statute.

We have previously explained that for a subsequent petition to be considered "second or successive," bringing into play AEDPA's gatekeeping provisions, the disposition of an earlier petition must qualify as an adjudication on the merits. *See Villanueva v. United States*, 346 F.3d 55, 60 (2d Cir.2003); *see also Murray v. Greiner*, 394 F.3d 78, 80–81 (2d Cir.2005); *Littlejohn v. Artuz*, 271 F.3d 360, 362–63 (2d Cir.2001) (per curiam). As we have understood the statute, the filing of an earlier petition which suffered from some curable procedural defect, for example, was not intended to trigger the formidable barriers to the filing of a new petition correcting the defect. We have observed that the law allows every petitioner " 'one full opportunity' " for collateral review. *Ching v. United States*, 298 F.3d 174, 177 (2d Cir.2002) (quoting *Littlejohn*, 271 F.3d at 363). We noted further in *Ching* that until the adjudication of an earlier petition has become final, its ultimate disposition cannot be known. *Id.* at 178–79. Thus, so long as appellate proceedings following the district court's dismissal of the initial petition remain pending when a subsequent petition is filed, the subsequent petition does not come within AEDPA's gatekeeping provisions for "second or successive" petitions.

In the instant case, petitioner's motion for a COA with respect to the denial of his initial petition remained pending in this court at the time he sought leave of this court to file the present petition. For that reason, the subsequent petition was not "second or successive" within the meaning of § 2255, and the gatekeeping authorization of the court of appeals was not required. Petitioner was accordingly free to prosecute his petition in the district court without need for our approval. *See James v. Walsh*, 308 F.3d 162, 169 (2d Cir.2002) (concluding that when "a claim brought in

an application for leave to file a successive habeas petition is not subject to the gatekeeping provisions of Section 2244, we merely transfer the petition to the District Court with directions to accept the petition for filing").

In *Ching,* we observed that *"in general,* when a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion." 298 F.3d at 177 (emphasis added). The purpose of this practice was to allow the petitioner the benefit of the more flexible standards of Federal Rule of Civil Procedure 15, rather than the "more stringent standards" of AEDPA's rule for "second or successive" petitions, *id.* at 177, so as to assure the petitioner " 'one full opportunity to seek collateral review,' " *id.* (quoting *Littlejohn,* 271 F.3d at 363). An instruction to treat the new petition as a motion to amend the prior petition, however, would be neither necessary nor appropriate in this case. It is not necessary because we have determined that this petition is not subject to the "second or successive" petition rule. It would not be appropriate for us to so instruct the district court because of the procedural circumstances that distinguish this case from *Ching.*

In *Ching,* the subsequent petition was filed initially in the district court and did not come before this court until the district court mistakenly sent it here for performance of the gatekeeping function. *Id.* at 176. At the moment the district court sent the subsequent petition to this court, the district court had both prior and subsequent petitions before it. In ruling that

the subsequent petition should not have been sent to us for gatekeeping, we observed that it would have been appropriate for the district court to treat the subsequent petition as a motion to amend the prior petition. *See id.* at 177–79. *Cf. Grullon v. Ashcroft,* 374 F.3d 137, 140 (2d Cir.2004) (per curiam) (applying *Ching* to a petition under 28 U.S.C. § 2241 where there was one prior § 2241 petition pending at that time in the district court, and another pending before this court). In contrast, in the instant case, the district court never had the two petitions before it simultaneously. Before the subsequent petition was filed, the initial petition had already moved to appellate proceedings. This court has since denied a COA, so that the earlier petition will not be before the district court when this petition enters its docket. We can see no reason in these circumstances to instruct the district court to treat the new petition as a motion to amend the initial petition.

▮ In our view, the proper function of the court of appeals in these circumstances is simply to rule that the application made to us to authorize the filing of a "second or successive" petition is unnecessary because at the time of the filing the earlier petition had not been finally adjudicated. Because the subsequent petition should have been filed directly in the district court, we transfer it to the district court for whatever further action the district court finds appropriate, as if it had been filed directly in the district court. *See Thai,* 391 F.3d at 492, 497 (where gatekeeping application was mistakenly filed in the court of appeals, petition was transferred to the district court).[2]

---

**2.** Our disposition should not be misconstrued as providing a free pass to prisoners to file numerous petitions before an initially filed petition is finally adjudicated on the merits.

Traditional doctrines, such as abuse of the writ, continue to apply. While the standards for determining whether a petition "abuses the writ" under the doctrine of *McCleskey v.*

The further question arises whether our transfer to the district court is futile because in between the time of the filing of the gatekeeping application and its resolution, this court denied petitioner's request for a COA with respect to his initial § 2255 petition. It would be a useless gesture for us to transfer this case to the district court if, upon receipt, the district court would determine that the adjudication of the initial petition has now become final, with the consequence that the subsequent petition has become "second or successive" and thus must be returned to the court of appeals for its gatekeeping function. *See Liriano v. United States*, 95 F.3d 119, 123 (2d Cir.1996). We believe the answer to this question is no. This is for two reasons. First, this court's denial of a COA has not made the adjudication of the earlier petition final; that adjudication will not be final until petitioner's opportunity to seek review in the Supreme Court has expired. *Cf. Fernandez v. Artuz*, 402 F.3d 111, 112 (2d Cir.2005) (determining that state prisoner's conviction became "final" for purposes of AEDPA statute of limitations after expiration of the period in which he could have sought Supreme Court review of his conviction). Second, in our view, the proper reference point for determining whether a petition is "second or successive" is the moment of filing, regardless of whether the petitioner files directly in the district court or first files an application for gatekeeping approval in the court of appeals. Had petitioner filed his petition directly in the district court without first moving in the court of appeals for gatekeeping approval, his petition would have been lawfully filed without need for this court's approval. The statute should not be interpreted to require a petitioner to file simultaneously in both the district court and the court of appeals in order to avoid the risk of making the wrong guess. For the purpose of determining whether the petition is "second or successive" within the meaning of § 2255, we will deem it filed on the day of either its filing in the district court or of the filing of a gatekeeping application in the court of appeals.

## CONCLUSION

For the foregoing reasons, we find petitioner's application is unnecessary and moot and transfer his petition to the district court for whatever further proceedings are appropriate.

---

*Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), have much in common with those for determining whether a petition is "second or successive" under §§ 2244 and 2255, the two doctrines are not coterminous. The fact that a petition is not technically "second or successive," and subject to the gatekeeping requirements of §§ 2244 and 2255, does not necessarily mean that its filing might not be found abusive under the traditional equitable doctrine. *See Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir.2003) (noting that "while prisoners are generally restrained from the filing of repetitious petitions for habeas corpus under the doctrine forbidding 'abuse of the writ,' the particular restrictions imposed by § 2244 apply only if the petitioner has filed at least two petitions that are properly counted under that section" (internal citation omitted)); *Ching*, 298 F.3d at 179–80 (explaining that, even when a petition comes within the gatekeeping requirement of § 2255, under the abuse of the writ doctrine, "[c]ourts are not obliged to entertain needless or piecemeal litigation; nor should they adjudicate a motion or petition whose purpose is to vex, harass or delay"); *see also Esposito v. Ashcroft*, 392 F.3d 549 (2d Cir.2004) (per curiam) (considering petitioner's flight in affirming district court's dismissal of abusive § 2241 petition).