SUMMARY ORDER
Petitioner Steven Jude Hoffenberg appeals from the denial of a 28 U.S.C. § 2255 motion. Petitioner further seeks leave to file a successive 28 U.S.C. § 2255 petition. We assume the parties’ familiarity with the facts, procedural history, and scope of the issues presented on appeal.
I. Appeal
A. Jurisdiction
Petitioner appeals from the denial of a 28 U.S.C. § 2255 motion. As an initial *627 matter, it is necessary to determine whether we have jurisdiction over the appeal despite Petitioner having not made a timely, formal notice of reinstatement of his appeal after receiving a certificate of ap-pealability. Although it is not precisely clear what was required for Petitioner to reinstate his appeal, any failure to provide a formal notice would not pose a jurisdictional bar to our considering Petitioner’s appeal because any such notice requirement is merely part of our general docket-management function. See Hertzner v. Henderson, 292 F.3d 302, 303 (2d Cir.2002) (describing such orders as being part of “our legal authority to enter housekeeping orders to control our own docket”).
B. Conflict of Interest
The chief argument advanced in Petitioner’s appeal, and the issue certified for appeal, is that his trial counsel operated under an actual conflict of interest, violating his Sixth Amendment rights. “On an appeal from the denial of a § 2255 motion, we review a district court’s conclusions of law de novo but will accept its factual findings unless they are clearly erroneous.” Sapia v. United States, 433 F.3d 212, 216 (2d Cir.2005).
“Actual conflicts occur[ ] when the interests of a defendant and his attorney diverge with respect to a material factual or legal issue or to a course of action, and violate the Sixth Amendment when counsel’s representation of the client is adversely affect[ed] by the existence of the conflict.” Ventry v. United States, 539 F.3d 102, 111 (2d Cir.2008) (internal quotation marks and citation omitted). Petitioner has shown neither.
First, there is scant evidence of any divergence of interest. Petitioner, himself, agreed to the bankruptcy trustee having control over payment of Petitioner’s legal fees. And although Petitioner asserts that the bankruptcy trustee wanted Petitioner to plead guilty so as to prevent a trial strategy that might implicate the trustee, there just is not much evidence to support that theory. “[Speculative assertions of bias or prejudice” are not enough. Triana v. United States, 205 F.3d 36, 41 (2d Cir.2000).
Second, Petitioner has not shown how he was adversely affected. A defendant must show some “plausible alternative defense strategy not taken up by counsel” (though he need only show that the strategy was “viable” and not necessarily that it would have been successful). LoCascio v. United States, 395 F.3d 51, 56 (2d Cir.2005) (internal quotation marks omitted). A defendant must also show “causation — i.e., [the fact] that the alternative defense was inherently in conflict with or not undertaken [due to] the attorney’s other loyalties or interests.” Id. (internal quotations marks omitted). Petitioner suggests that his trial counsel should have advised against pleading guilty and instead gone to trial to blame a “corrupt bankruptcy trustee.” But in light of the record, such a strategy does not appear to be a “viable” one, and the recommendation that Petitioner plead guilty does not appear to have been caused by any conflicting loyalty. Accordingly, the District court did not err in denying Petitioner’s § 2255 motion.
C. Cross Examination
Petitioner, on appeal, argues for the first time that he received ineffective assistance of counsel because his trial counsel failed to cross-examine sufficiently former Assistant United States Attorney Nardello. An appeal from a denial of habeas is limited to the issue certified for appeal. See 28 U.S.C. § 2253(c)(3) (“The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required....”); Smaldone v. Senkowski, 273 F.3d 133, 139 (2d Cir.2001) (per curiam) (acknowledging that 28 *628 U.S.C. § 2253(c) indicates that this court does not have jurisdiction to consider issues outside the certificate of appealability). In the case before us, the certificate of appealability was clearly limited to whether trial counsel operated under a conflict of interest. The alleged failure of cross examination was totally unrelated to the purported conflict of interest; we therefore lack jurisdiction over the portion of the appeal about ineffective cross examination, and that portion of the appeal should be dismissed.
II. Second or Successive 28 U.S.C. § 2255 petition
Petitioner additionally seeks permission to file a subsequent petition raising two new claims. As a starting point, it is necessary to determine whether this is in fact a “second or successive” petition that requires permission to file. See Stewart v. Martinez-Villareal, 523 U.S. 637, 639, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998). AEDPA does not define what constitutes a “second or successive” § 2255 motion. “Nonetheless, it is clear that for a petition to be ‘second or successive’ within the meaning of the statute, it must at a minimum be filed subsequent to the conclusion of a proceeding that ‘counts’ as the first.” Ching v. United States, 298 F.3d 174, 177 (2d Cir.2002) (internal quotation marks omitted). Because Petitioner filed his subsequent petition before we ruled on the appeal from his first petition, the subsequent petition is not “second or successive” and therefore could have been filed in the District court in the first instance. See Whab v. United States, 408 F.3d 116, 120 (2d Cir.2005).
Because the petition is not subject to our AEDPA gatekeeping function but was submitted to our Court, we must decide the proper disposition of Petitioner’s motion. Normally, when “a claim brought in an application for leave to file a successive habeas petition is not subject to the gatekeeping provisions of [AEDPA], we merely transfer the petition to the district court with directions to accept the petition for filing.” James v. Walsh, 308 F.3d 162, 169 (2d Cir.2002). Because the first petition has already moved to appellate proceedings before us, and, hence, the District Court would not be able to consider both petitions simultaneously, the usual disposition would be to “transfer [the second petition] to the district court for whatever further action the district court finds appropriate, as if it had been filed directly in the district court.” Whab, 408 F.3d at 119.
We should transfer the petition, however, only if it is “in the interest of justice” to do so. 28 U.S.C. § 1631. We must therefore consider whether a transfer would be futile. See Whab, 408 F.3d at 120. Here, a transfer would be futile because the subsequent petition was filed eight years after Petitioner’s conviction,[1] and the petition must therefore, as a matter of law, be denied by the District Court as untimely. See 28 U.S.C. § 2255(f). The subsequent petition cannot relate back to the first petition under Fed.R.Civ.P. 15(c). See Mayle v. Felix, 545 U.S. 644, 650, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005). A transfer would also likely be futile because the subsequent Petition raises claims that could have been raised in the first petition. As we observed in *629 Whab, a petition might not technically be successive but “[traditional doctrines, such as abuse of the writ, continue to apply.” 408 F.3d at 119 n. 2. And a claim that “was, or could have been, raised in an earlier petition” is generally considered an abuse of the writ. James, 308 F.3d at 167; see also Ching, 298 F.3d at 179-80 (observing that the abuse-of-the-writ doctrine prevents district courts from having “to entertain needless or piecemeal litigation”). Accordingly, a transfer would be futile.
III. Remaining Motions
Petitioner has filed a variety of other motions and specifically a renewed motion for bail. All of those motions are denied as meritless or moot.
IV. Conclusion
We have reviewed all of Appellant’s claims and find them meritless. Accordingly, the judgment of the District Court is AFFIRMED, the appeal is DISMISSED in part, and the various remaining motions are DENIED.

. With regards to Petitioner’s counsel of choice claim, one of the two claims now raised in a subsequent petition, the one-year time period should not begin running from the decision that Petitioner cites as the basis for his claim, United States v. Gonzalez-Lopez, 548 U.S. 140, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006). Gonzalez-Lopez could only serve as the relevant date from which to calculate the one-year time limit if it newly-recognized a right that is retroactively applicable. See 28 U.S.C. § 2255(f). But that requirement is not met here.