*United States v. Vale*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand fourteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> RALPH K. WINTER,
> ROBERT D. SACK,
> > *Circuit Judges.*

―――――――――――――――――――――――――――――

UNITED STATES OF AMERICA,
> *Appellee*,

> v.                                                          14-1235

CHRISTIAN BROS. CONTRACTING CORP., A
CORPORATION,

> *Defendant*,

JASON VALE,

> *Defendant-Appellant*.

―――――――――――――――――――――――――――――

FOR DEFENDANT-APPELLANT**:**          Jason Vale, pro se, Bellerose Manor, NY

FOR APPELLEE:                          Charles S. Kleinberg and Emily Berger, Assistant
                                       United States Attorneys, *for* Loretta E. Lynch,
                                       United States Attorney for the Eastern District of
                                       New York, Brooklyn, NY

Appeal from an order of the United States District Court for the Eastern District of New York (Gleeson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Jason Vale, proceeding pro se, appeals from a district court's denial of his motion under Rule 60(b) of the Federal Rules of Civil Procedure challenging his underlying conviction and sentence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the denial of a Rule 60(b) motion for abuse of discretion. *Harris v. United States*, 367 F.3d 74, 79 (2d Cir. 2004). Here, the district court did not abuse its discretion in denying Vale's motion.

Contrary to Vale's argument, Rule 60(b) is not available to directly challenge the integrity of an underlying criminal conviction or sentence. When faced with a Rule 60(b) motion making such a challenge, the district court may either treat it as a successive habeas petition or deny it as beyond the scope of the rule. *Harris*, 367 F.3d at 82. The district court thus did not abuse its discretion in denying Vale's motion as beyond the scope of Rule 60(b). Furthermore, any arguable error by the district court in failing to transfer the motion as a successive habeas petition was harmless, since Vale was not in custody as required by 28 U.S.C. § 2255(a) and *Alleyne v. United States*, 133 S. Ct. 2151 (2013), has not been made retroactive to cases on collateral review. *See United States v. Redd*, 735 F.3d 88, 92 (2d Cir. 2013) (per curiam).

2

We have considered Vale's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk