**Anthony YOUNG, Petitioner,**

**v.**

**William PHILLIPS, Respondent.**

**15–cv–6011 (NG) (LB)**

United States District Court,
E.D. New York.

Signed March 14, 2016

Anthony Young, Napanoch, NY, pro se.

### ORDER

GERSHON, United States District Judge:

Petitioner Anthony Young, appearing *pro se*, moves pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. Petitioner also moves for appointment of counsel and to proceed *in forma pauperis*.

For the reasons set forth below, petitioner is hereby directed to show cause by written affirmation within 30 days of this order why his petition for habeas corpus should not be dismissed as time-barred or as an abuse of the writ. Petitioner's motion for appointment of counsel is denied without prejudice, and petitioner is granted leave to proceed *in forma pauperis*.

### Young's Petitions

Young filed a petition for habeas corpus, an application for appointment of counsel, and an application for leave to proceed *in forma pauperis* on October 8, 2015, followed by a corrected petition on November 13, 2015. Young's request for relief, liberally construed, is based on claims that (1) certain post-arrest statements of his were not appropriately disclosed by the prosecution or offered as evidence at trial and that (2) his trial and appellate counsel were ineffective for failing to pursue issues relating to these post-arrest statements.

To all appearances, Young previously raised these claims in an earlier, timely, habeas petition, which was denied by this court. *Young v. Phillips*, 05–cv–4466 ("First Habeas Petition") Opinion & Order, August 3, 2015. This court declined to issue a certificate of appealability in that matter, and held that any appeal therefrom would not be taken in good faith. *Id.* Young subsequently applied to the Second Circuit for a certificate of appealability; his application was denied and his appeal dismissed. *Young v. Phillips*, 15–2858 (2d Cir. December 23, 2015).

### Procedural Status

Young's current petition, filed while his appeal on the First Habeas Petition was pending, raises a procedural question. It is not a "second or successive" petition subject to Second Circuit approval because it was filed before any deadline for a petition for certiorari on the First Habeas Petition had passed. 28 U.S.C. § 2244(a); *Whab v. United States*, 408 F.3d 116, 120 (2d Cir.2005) (Court of Appeals' gatekeeping role over "second and successive" petitions does not commence until time to file petition for certiorari with Supreme Court has expired). Neither is it properly a motion to amend the First Habeas Petition, because it was filed after that petition had moved to appellate proceedings. *See id.* at 119. Finally, it is not a Rule 60(b) motion to reconsider this court's decision on the First Habeas Peti-

tion, because it does not attack the integrity of the earlier habeas proceedings, a prerequisite for Rule 60(b) relief. *See United States v. Christian Bros. Contracting Corp.*, 586 Fed.Appx. 79, 80 (2d Cir. 2014).

The court, therefore, treats this as an independent habeas petition. As such, it is, on initial consideration, both untimely and duplicative of the First Habeas Petition.

### One-Year Limitation and Abuse of the Writ

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that typically, a petitioner has one year to file a Section 2254 habeas petition from the date his judgment of conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). Several exceptions apply. This one-year period is tolled while a petitioner pursues State post-conviction relief. *Id.* § 2244(d)(2). Further, if a habeas petition is based on new facts which could not have been discovered before the judgment of conviction, or if the petition is based on a right that the Supreme Court did not recognize until after judgment of conviction, the one-year period is calculated from the time the new facts or right emerged. *Id.* § 2244(d)(1)(C), (D). If the government obstructs a petitioner from filing a habeas petition, the one year period is calculated from the time the obstruction is removed. *Id.* § 2244(d)(1)(B). Finally, the one-year period also may be extended by equitable tolling where petitioner can demonstrate that he diligently pursued his rights, but "extraordinary circumstances" prevented timely filing. *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir.2011) (petitioner's 98–day hospitalization was an "extraordinary circumstance" that prevented timely filing and justified equitable tolling).

The information currently before the court suggests that Young's motion is time-barred under AEDPA. The First Habeas Petition was held in abeyance through January 2012, while Young exhausted State court relief. The one-year statute of limitations articulated in 28 U.S.C. § 2244(d)(1)(A) expired, therefore, in January of 2013 at the latest. Young does not assert any new factual basis for relief, nor does he assert any right newly recognized by the Supreme Court. He does not allege that the government impeded him in filing this motion or put forth any facts that would entitle him to equitable tolling.

Furthermore, to the extent this petition advances the same claims, based on the same facts, as the First Habeas Petition, it may constitute an abuse of the writ, and be barred as such. *See Whab*, 408 F.3d at 119 n. 2 (2d Cir.2005) (noting that traditional abuse-of-the-writ doctrine may apply to petitions that are not formally "second or successive."); *Hoffenberg v. United States*, 333 Fed.Appx. 625, 629 (2d Cir. 2009) (recognizing that a petition that raises only claims that were or could have been raised in an earlier petition "is generally considered an abuse of the writ."); *United States v. Lugo*, 100 F.Supp.3d 285, 291 (E.D.N.Y.2015) (same); *Williams v. United States*, No. 00 CR. 1008, 2015 WL 4743534, at *8 (S.D.N.Y. Aug. 11, 2015) (same).

### Leave to File Affirmation

Petitioner is hereby directed to show cause by written affirmation, **within 30 days from the date of this order,** why the period of limitation should not bar this petition, and why this petition does not constitute an abuse of the writ of habeas corpus.[1] *Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir.2000) (petitioner is entitled to notice and an opportunity to be heard be-

---

1. An affirmation form is attached to this order for petitioner's convenience.

fore the court dismisses a petition as time-barred). In the affirmation, petitioner should provide any facts which would support tolling of AEDPA's one year limitation, and any facts that demonstrate that the claims in this petition were not raised, and could not have been raised, in the First Habeas Petition.

All further proceedings shall be stayed until the petitioner has complied with this order. Respondent shall respond to any submission by petitioner within 15 days of its filing. If petitioner fails to comply with this order within the time allowed, the instant petition shall be dismissed as time-barred and as an abuse of the writ.

The interests of justice do not require appointed counsel at this pre-evidentiary stage of proceedings. Petitioner's application for representation is accordingly denied without prejudice. See 18 U.S.C. § 3006A(a)(2)(B) (permitting appointment of counsel in actions under 28 U.S.C. § 2255 when required by "the interests of justice"). Petitioner is granted leave to proceed *in forma pauperis*.

The Clerk of Court is directed to serve a copy of this order by certified mail, together with a copy of the petition, on the Attorney General of the State of New York, 120 Broadway, New York, N.Y. 10271, and the District Attorney of Kings County, and to mail a copy of this order to the petitioner.

**SO ORDERED.**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
ANTHONY YOUNG,

        Petitioner,                     15 CV 6011 (NG) (LB)

    -against-

WILLIAM PHILLIPS,                   **PETITIONER'S**
                                 **AFFIRMATION**

        **Respondent**
-------------------------------------------------------------x
STATE OF _____ }
COUNTY OF _____ } SS:

    Anthony Young makes the following affirmation under the penalties of perjury: I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's order dated _____. The instant petition should not be time-barred by the one-year period of limitation and is not an abuse of the writ of habeas corpus because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]**

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

_____
Signature

_____
Address

_____
City, State & Zip Code