RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 18a0087p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

IN RE: JERMAINE STEVENSON,

*Movant.*

No. 18-1037

---

On Motion to Authorize the Filing of a Second
or Successive Application for Habeas Corpus Relief.
No. 2:17-cv-00177—Paul Lewis Maloney, District Judge;
United States District Court for the Western District of Michigan at Marquette.

Decided and Filed: May 4, 2018

Before: SUHRHEINRICH, GILMAN, and SUTTON, Circuit Judges.

---

**MOVANT**

**ON MOTION:** Jermaine Stevenson, Kincheloe, Michigan, pro se.

---

**ORDER**

---

Jermaine Stevenson, a pro se Michigan prisoner, seeks an order authorizing the district court to consider a second or successive 28 U.S.C. § 2254 petition for a writ of habeas corpus. *See* 28 U.S.C. § 2244(b). He also filed a statement opposing the district court's transfer of his habeas petition to this court.

Stevenson is currently serving life in prison plus two years in Michigan for first-degree murder, assault with intent to commit murder, and possessing a firearm in the commission of a felony. His convictions and sentence were affirmed on direct appeal. *See People v. Stevenson*, 552 N.W.2d 176 (Mich. 1996) (table). Stevenson's state motion for relief from judgment was denied. *See People v. Stevenson*, 881 N.W.2d 484 (Mich. 2016) (mem.).

In April 2016, Stevenson filed a § 2254 petition in the United States District Court for the Western District of Michigan.  *See Stevenson v. Woods*, No. 2:16-CV-90, 2016 WL 5334601, at *1 (W.D. Mich. Sept. 23, 2016).  The Western District dismissed the first petition as untimely, and we denied Stevenson a certificate of appealability.  Eleven days before the Western District dismissed the first petition, Stevenson filed another § 2254 petition in the United States District Court for the Eastern District of Michigan.  The Eastern District, upon learning of Stevenson's earlier petition, dismissed the second as "duplicative," finding that it "raise[d] the same claims."

Noting that the second petition sought to raise three grounds not mentioned in the first petition, we granted a certificate of appealability to consider whether the Eastern District should have construed the second petition as a motion to amend the first petition.  By order dated September 18, 2017, we determined that the Eastern District abused its discretion by failing to transfer the second petition to the Western District because a subsequent § 2254 petition filed while the petitioner's initial petition is still pending should be construed as a motion to amend the initial petition under Federal Rule of Civil Procedure 15.  *See In re Deal*, No. 15-6023 (6th Cir. May 9, 2016) (citing *United States v. Sellner*, 773 F.3d 927, 931-32 (8th Cir. 2014)); *Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008); *Whab v. United States*, 408 F.3d 116, 119 (2d Cir. 2005)); *see also Clark v. United States*, 764 F.3d 653, 658 (6th Cir. 2014) ("A motion to amend [pursuant to Rule 15] is not a second or successive [habeas] motion when it is filed before the adjudication of the initial § 2255 motion is complete. . . .").  We thus vacated the Eastern District's dismissal order and remanded the case for transfer to the Western District of Michigan with instructions to consider the second petition as a motion to amend Stevenson's first petition. *Stevenson v. Woods*, No. 16-2577 (6th Cir. Sept. 18, 2017).

The Eastern District transferred the case to the Western District as directed by our September 18, 2017, order.  The Western District did not follow our instructions, however, and instead transferred the case back to this court for consideration as an application to file a second or successive habeas petition pursuant to 28 U.S.C. § 1631 and *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).  *Stevenson v. Horton*, No. 2:17-CV-177 (W.D. Mich. Jan. 9, 2018).  Because we have already determined that the second petition was not second or successive—but instead should be

construed as a motion to amend the first petition—the proper disposition is to remand the case to the Western District for consideration in accordance with our September 18, 2017, order.

Accordingly, Stevenson's motion for an order authorizing the district court to consider a second or successive 28 U.S.C. § 2254 petition for a writ of habeas corpus is **DENIED** as unnecessary. We **REMAND** to the district court for consideration in accordance with our September 18, 2017, order.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk