[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-12819
Non-Argument Calendar

_____

D.C. Docket Nos. 6:16-cv-00565-JA-GJK,
6:08-cr-00176-JA-GJK-1

FRANK L. AMODEO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 8, 2018)

Before TJOFLAT, MARTIN, and BRANCH, Circuit Judges.

PER CURIAM:

Frank Amodeo appeals the district court's denial of his 28 U.S.C. § 2255

motion as an unauthorized second or successive motion, as well as its denial as a

post-judgment motion to alter or amend the judgment.  On appeal, Amodeo argues

that his fourth-in-time § 2255 motion was not second or successive because it was

based on an operative fact that did not exist at the time he filed his third-in-time

§ 2255 motion.  He also argues that the district court erred by not treating his

fourth-in-time § 2255 motion as an amendment to his third-in-time § 2255 motion

since the latter motion was pending on appeal.  After careful consideration, we

affirm.

I.

Amodeo was indicted in August 2008 for conspiracy to defraud the United

States; nine counts of failing to remit payroll taxes; sixteen counts of wire fraud;

and obstructing an agency investigation.  Pursuant to a written plea agreement, he

pled guilty to the conspiracy count, three counts of failure to remit payroll taxes,

and the obstruction count.  Before his change-of-plea hearing, the district court

heard testimony from a psychiatrist who diagnosed Amodeo as having a mental

illness that made him susceptible to delusional beliefs.  The psychiatrist explained

that, after intensive evaluation and treatment in an in-patient facility, Amodeo had

improved and was competent to be tried.  At the change-of-plea hearing, the

district court asked Amodeo many questions about his mental state and ultimately

concluded he was competent to plead guilty.  He was sentenced to 270-months

imprisonment, and the remaining counts were dismissed on the government's motion.

Amodeo appealed, seeking to set aside his guilty plea for (1) ineffective assistance of counsel and (2) the district court's failure to make a competency determination. United States v. Amodeo, 387 F. App'x 953, 954 (11th Cir. 2010) (per curiam). A panel of this Court declined to address the ineffective assistance claim because the record was not developed enough to decide the issue. Id. This Court then denied the competency claim because the record was sufficient to support the district court's finding that Amodeo was competent. Id. In July 2010 Amodeo asked for an extension to file a petition for writ of certiorari. Amodeo v. United States, No. 10A437 (U.S. 2010). The Supreme Court granted the request and extended his time to file to November 22, 2010. Id. Amodeo never filed a cert. petition. See id.

Amodeo then sought post-conviction relief. Starting in June 2011, he filed two § 2255 motions. The district court dismissed both motions without prejudice on procedural grounds, and this Court denied certificates of appealability ("COA"). See Amodeo v. United States, No. 6:11-cv-01056 (M.D. Fla.) (docket entries 8, 12, 14, 19); Amodeo v. United States, No. 6:11-cv-01850 (M.D. Fla.) (docket entries 4, 6, 14, 18). Amodeo filed a third motion in April 2012, which was dismissed as time-barred in September 2015. See Amodeo v. United States, No. 6:12-cv-00641

3

(M.D. Fla.) (docket entries 1, 109).  Amodeo appealed, and a judge of this Court denied him a COA.  See Amodeo v. United States, No. 15-15280 (11th Cir. Dec. 7, 2016) (docket entry 16).  He then filed a motion for reconsideration and a motion to supplement the record, both of which are still pending as of July 10, 2018.  See id. (docket entries 23, 24).

In April 2016, while Amodeo's appeal of his third-in-time § 2255 motion was pending and before his motion for a COA was denied, he filed a fourth § 2255 motion.  Amodeo asked that his guilty plea be vacated because it was not intelligent or voluntary and because the government violated his due process rights by allowing him to plead guilty despite knowing he lacked capacity.  In support he alleged that, in June 2008, before he was indicted on the federal charges, "the State of Florida appointed a plenary guardian and deprived [him] of his right to contract."  He said the Florida guardianship court wasn't told about the plea agreement and never approved it.  He also alleged that his trial lawyer was operating under a conflict of interest, which the government knew about and did not disclose to the court.

Amodeo explained that his successor guardian Charles Rahn, appointed in June 2015, rescinded the plea agreement on March 27, 2016, because Amodeo lacked capacity to enter into the agreement on his own.  He argued that his motion wasn't second or successive under the Antiterrorism and Effective Death Penalty

4

Act of 1996 ("AEDPA") because the rescission of the plea agreement operated as a "new fact" and that his motion was timely because it was filed within one year of that event.

The district court dismissed the fourth-in-time § 2255 motion for lack of subject matter jurisdiction. The court determined the motion was second or successive and thus Amodeo first had to apply to this Court for authorization to file it. Amodeo filed a motion for reconsideration on two grounds. He first alleged the motion was not a second or successive motion because it relied on a fact that did not exist when his third-in-time § 2255 motion was dismissed by the district court. That fact is that his plea agreement wasn't rescinded until after his third § 2255 motion was dismissed. He argued alternatively that his fourth-in-time § 2255 motion should be construed as a motion to amend his third-in-time § 2255 motion because the latter motion was still pending on appeal and hadn't been fully adjudicated. The district court denied the motion. This appeal followed.

## II.

We review <u>de novo</u> a district court's conclusion that a § 2255 motion is "second or successive" under AEDPA. <u>Stewart v. United States</u>, 646 F.3d 856, 858 (11th Cir. 2011).

Under AEDPA, a prisoner typically gets one chance to make his claims for habeas relief to the court. <u>See id.</u> at 859. This is because AEDPA "dramatically

limits" the prisoner's ability to file "second or successive" § 2255 motions. Id. To file a "second or successive" § 2255 motion, the prisoner must first apply to a court of appeals and show the motion is based on either "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. §§ 2244(b)(3), 2255(h).

However, "[t]he phrase 'second or successive' is not self-defining." Panetti v. Quarterman, 551 U.S. 930, 943, 127 S. Ct. 2842, 2853 (2007). It's a "term of art that takes its full meaning from the Supreme Court's case law, including decisions predating the enactment of AEDPA." Stewart, 646 F.3d at 859–60. This Court has interpreted that phrase as barring motions "raising habeas claims that could have been raised in earlier motions where there was no legitimate excuse for failure to do so." Id. at 859. "[B]ut if the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive." Id. at 863 (quotation omitted and alterations adopted). In other words, a § 2255 motion is not "second or successive" if it makes a claim "the basis for which did not exist" until "after [the] first § 2255 motion had already been filed and dismissed." Id. The prisoner must also show he acted with "due diligence" in trying to make his claim ripe. See id. at 863–64.

III.

6

On appeal Amodeo makes only the two arguments he made in support of his motion for reconsideration: (1) that his fourth-in-time § 2255 motion is not second or successive because his claim that his guilty plea was not intelligent or voluntary did not ripen until his guardian rescinded his plea agreement and, in the alternative, (2) that the district court should have construed his fourth-in-time § 2255 motion as amending his third-in-time § 2255 motion because the latter was still pending on appeal.  We address each in turn.

### A.

Amodeo's first argument requires answering two questions.  First, what is the legal significance of the rescission of his plea agreement?  If, for example, the rescission was necessary for him to bring a claim that his guilty plea was not intelligent or voluntary, then his claim did not ripen until after that rescission.  See id. at 859–60, 863.  Second, if his defective-plea claim was not ripe until the rescission of the plea agreement, did he act diligently in seeking rescission of his plea agreement?  See id. at 863–64.

Although Federal Rule of Criminal Procedure 11 does not allow defendants to withdraw a guilty plea after sentencing, it allows a plea to be "set aside [] on direct appeal or collateral attack." Fed. R. Crim. P. 11(e).  To have a guilty plea set aside, the defendant must show the plea was not made intelligently or voluntarily.  See Bousley v. United States, 523 U.S. 614, 618, 118 S. Ct. 1604,

7

1609 (1998) ("A plea of guilty is constitutionally valid only to the extent that it is 'voluntary' and 'intelligent.'" (quoting Brady v. United States, 397 U.S. 742, 748, 90 S. Ct. 1463, 1469 (1970)).  A plea is intelligent if the defendant was "advised by competent counsel, he was made aware of the nature of the charge against him, and there was nothing to indicate that he was incompetent or otherwise not in control of his mental faculties."  Brady, 397 U.S. at 756, 90 S. Ct. at 1473.  A plea is voluntary if it is a product of the defendant's free will and not "force, threats, or promises (other than promises in a plea agreement)."  Fed. R. Crim. P. 11(b)(2).

The rescission of Amodeo's plea agreement on lack of capacity grounds is a new fact that may support his claim that his guilty plea was not intelligent.  However, rescission of the plea agreement was not necessary to bring such a claim.  Amodeo (or his guardian) was free to assert his guilty plea was not intelligent for the same reasons that led the State of Florida to appoint him a plenary guardian in June 2008 and deprive him of his right to contract.  See Bousley, 523 U.S. at 618, 118 S. Ct. at 1609; Brady, 397 U.S. at 756, 90 S. Ct. at 1473.  Indeed, he could have asked to withdraw his guilty plea on this basis before sentencing.  See Fed. R. Crim. P. 11(d)(2)(B) (allowing a defendant to withdraw a guilty plea after the court accepts it but before sentencing if there's a "fair and just reason").  And to the extent he alleges constitutionally ineffective counsel prevented him from doing so, such a claim also could have been brought in his first § 2255 motion.

8

See Amodeo, 387 F. App'x at 954 (declining to address the ineffective assistance claims because of the limited record on appeal). Notably, Amodeo's first § 2255 motion did raise claims of ineffective assistance of counsel. See Amodeo, No. 6:11-cv-01056 (M.D. Fla.) (docket entry 8).

Amodeo could have brought his defective-plea claim regardless of the rescission of his plea agreement. For that reason, the rescission is not a new event or fact that can support his claim that his fourth-in-time § 2255 motion is not second or successive under AEDPA. See Stewart, 646 F.3d at 859–60, 863–64.

B.

Amodeo alternatively argues that the district court should have construed his fourth-in-time § 2255 motion as a motion to amend his third-in-time § 2255 motion. In support, he points to the Second Circuit's decision in Whab v. United States, 408 F.3d 116 (2d Cir. 2005). In that case, Whab applied to the Second Circuit to file a second or successive § 2255 motion, while the appeal of an earlier one was still pending before that court. Id. at 118. The court determined AEDPA's "second or successive" limitation applies only to motions filed after "the adjudication of an earlier petition becomes final"—that is, when the time for seeking appellate or Supreme Court review passes, meaning that the petitioner's application was not necessary. Id. at 118–19, 120. Thus, the court denied the petitioner's application, transferred the second § 2255 motion to the district court,

9

and instructed the district court to treat it "as if it had been filed directly in the district court." Id. at 119.  The Second Circuit declined to instruct the district court on how to treat the second § 2255 motion, but noted that an instruction to treat it as a motion to amend the earlier § 2255 motion would be "neither necessary nor appropriate in this case" because the earlier § 2255 motion was no longer pending before the district court or the court of appeals.  Id.

Our Court has no published opinion establishing when the adjudication of a § 2255 motion becomes final such that the "second or successive" limitation applies to all future motions.[1]  However, we need not answer this question today because even if Amodeo's fourth-in-time § 2255 motion had been construed as an amendment to his earlier § 2255 pleading, it would have been futile.

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. Rule 15(a) addresses pretrial amendments while Rule 15(b) addresses amendments during and after trial.  Fed. R. Civ. P. 15(a)–(b).  Although Rule 15(a) provides for liberal amendment of pleadings, Rule 15(b) operates more narrowly.  See id.  Rule 15(b) allows amendments in two circumstances:

---

[1] In two unpublished decisions, however, we appear to have taken opposite positions. Compare United States v. Terrell, 141 F. App'x 849, 850, 851–52 (11th Cir. 2005) (per curiam) (affirming the district court's decision to treat a motion to reopen and reduce sentence as an unauthorized successive § 2255 motion while an earlier § 2255 motion was pending on appeal), with In re Cummings, No. 17-12949 (11th Cir. July 12, 2017) (per curiam) (docket entry 3 denying application to file second or successive § 2255 motion as premature because there was still time to seek Supreme Court review on an earlier § 2255 motion).

10

(1) <u>Based on an Objection at Trial.</u> If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.

(2) <u>For Issues Tried by Consent.</u> When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

Thus, Rule 15(b) applies when evidence has been admitted or unpled issues have been litigated by the parties. See <u>id.</u>; see also <u>Cioffe v. Morris</u>, 676 F.2d 539, 541 & n.7 (11th Cir. 1982) (stating Rule 15(b) permits "a judgment [to] be based on an unpled issue as long as consent to trial of the issue is evident").

Amodeo's motion could not have been granted under Rule 15(a) because his fourth-in-time § 2255 motion was filed after the district court entered a judgment dismissing the third one as time-barred. See Fed. R. Civ. P. 15(a); <u>Jacobs v. Tempur-Pedic Int'l, Inc.</u>, 626 F.3d 1327, 1344–45 (11th Cir. 2010) ("Rule 15(a), by its plain language, governs amendment of pleadings <u>before</u> judgment is entered; it has no application <u>after</u> judgment is entered."). It also could not have been granted under Rule 15(b). There was no hearing or trial here, and thus no evidence

11

or trial of issues by express or implied consent.  See Amodeo, No. 6:12-cv-00641 (M.D. Fla.).

Because Federal Rule of Civil Procedure 15 does not allow post-judgment amendment of pleadings in cases like Amodeo's, he cannot show the district court erred by failing to construe his newest § 2255 motion as a motion to amend.  Also for reasons of futility, it would not be appropriate to remand and direct the district court to construe the fourth-in-time § 2255 motion as a motion to amend.  Cf. Whab, 408 F.3d at 119.[2]

**AFFIRMED.**

---

[2] We note also that if this Court were to grant Amodeo's pending motion for reconsideration on his appeal challenging the dismissal of his third-in-time § 2255 motion and grant relief, the third-in-time § 2255 motion would be back before the district court and Amodeo could then file a motion to amend it, should he still want to do so.