[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10567
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cv-60901-JAL

MARCUS BLACKMON,

Petitioner - Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 31, 2020)

Before WILSON, JORDAN, and BRANCH, Circuit Judges.

PER CURIAM:

Marcus Blackmon, a prisoner proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas petition.  Mr. Blackmon contends that the district court erred when it dismissed his petition for lack of subject-matter jurisdiction as impermissibly second or successive.  After reviewing the record and the parties' briefs, we affirm.

## I

On September 26, 2006, Mr. Blackmon pled guilty to grand theft in a Florida state court and received a sentence of time served.  On July 8, 2008, a Florida state jury convicted Mr. Blackmon of unlawful sexual activity with minors.  During Mr. Blackmon's sentencing for the 2008 conviction, the state court—relying on the 2006 grand theft conviction—considered Mr. Blackmon a habitual offender and sentenced him to 30 years in prison.  Mr. Blackmon has since filed three different habeas petitions in the district court seeking review of his 2006 and 2008 state convictions.

## A

On November 21, 2012, Mr. Blackmon filed his first habeas corpus petition challenging his 2008 state conviction ("Petition I").  The district court dismissed Petition I without prejudice for failure to exhaust state court remedies.

On March 3, 2015, Mr. Blackmon filed his second habeas corpus petition challenging both his 2006 state conviction and his 2008 state sentence ("Petition

II"). Mr. Blackmon raised six claims challenging his 2006 state conviction, and three claims challenging the sentence for his 2008 state conviction.

On March 14, 2016, the magistrate judge issued a report finding Petition II to be meritless and recommended denying it and denying a certificate of appealability ("COA"). On May 31, 2016, following Mr. Blackmon's objections, the district court adopted the report and denied Petition II on the merits. Mr. Blackmon sought a COA to appeal the district court's denial of Petition II, but we denied a COA on November 16, 2016.

**B**

On April 15, 2016, before filing his objections to the report and recommendation regarding Petition II, Mr. Blackmon filed a third habeas petition raising eleven new claims challenging his 2008 conviction ("Petition III"). Although Petition II was still pending, the district court docketed Petition III separately from Petition II as a new habeas corpus case and assigned a new district judge to the case.

On April 26, 2016, the same magistrate judge issued a second report, recommending that Petition III be dismissed as duplicative of Petition II. On July 7, 2016, the district court rejected the second report because Petition II had been denied in May of 2016, and Petition III was therefore no longer duplicative of Petition II. This time, the magistrate judge ordered Mr. Blackmon to file an amended Petition III, while advising him that the amended petition would be the "sole, operative

3

pleading considered in this case" and that no further amendments would be permitted.

On July 29, 2016, Mr. Blackmon amended Petition III. The magistrate judge issued a third report recommending that the district court dismiss Petition III as an unauthorized second or successive § 2254 petition and deny Mr. Blackmon a COA. On December 3, 2018, the district court adopted the third report, ruling that Petition III fell within the AEDPA's bar on second or successive habeas corpus petitions because Mr. Blackmon had failed to obtain authorization from our court to file a second or successive habeas petition.

## C

On February 11, 2019, Mr. Blackmon filed the present appeal, arguing that the district court erred in dismissing Petition III for lack of subject-matter jurisdiction. At the same time, he sought leave to file a second or successive habeas corpus petition from our court, raising eight potential claims challenging his 2008 state conviction. In his motion seeking permission to file a second or successive habeas corpus petition, Mr. Blackmon raised five claims which were substantially similar to the claims raised in Petition III. The remaining three claims were new, and had not previously been raised in any habeas corpus petition.

On February 27, 2019, we issued an order denying in part and dismissing in part Mr. Blackmon's motion for leave to file a second or successive habeas corpus

4

petition. We denied the motion as to five claims because they did not meet the statutory criteria, as they did not rely on any new rule of law or newly discovered evidence. We dismissed the motion as to the remaining three claims because they were substantially similar to claims raised in "his initial habeas petition."

## II

We review *de novo* whether a petition for a writ of habeas corpus is second or successive. *See Ponton v. Sec'y, Fla. Dep't of Corr.*, 891 F.3d 950, 952 (11th Cir. 2018).

## A

Mr. Blackmon contends that the district court erred when it dismissed Petition III for lack of subject-matter jurisdiction as impermissibly second or successive. We agree that the district court made a mistake, but conclude that we are powerless to correct it at this juncture.

A second or successive § 2254 petition requires prior authorization from our court. *See* 28 U.S.C. § 2244(b)(3)(A). A district court lacks jurisdiction to consider an unauthorized second or successive § 2254 motion. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

Some of our sister circuits have held that "where a new *pro se* petition is filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition rather than as a successive

5

application." *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). *See also In re Stevenson*, 889 F.3d 308, 309 (6th Cir. 2018); *United States v. Sellner*, 773 F.3d 927, 932 (8th Cir. 2014). Here, Mr. Blackmon filed Petition III while Petition II was still pending. Consequently, the district court should have construed Petition III as a motion to amend Petition II, and should not have docketed Petition III as a new habeas corpus petition.

## B

Mr. Blackmon contends that we should vacate the district court dismissal and remand Petition III because it contains timely new claims that were unexhausted in the state court when he filed Petition II. We disagree.

Having concluded that the district court committed an error, we should determine whether remanding Petition III would be futile. *Cf. Whab v. United States*, 408 F.3d 116, 120 (2d Cir. 2005) (stating that even though a district court erred in not treating a subsequent petition as second or successive, remanding to the district court may not be an appropriate remedy). We conclude that, at this point, it is not possible to remand to the district court with instructions to treat Petition III as a motion to amend Petition II. Simply stated, the district court has entered a final judgment on Petition II, and we denied Mr. Blackmon's motion for a COA as to Petition II in 2016. Petition II is now final and closed, and we no longer have any jurisdiction over that matter. If we were to remand to the district court to consider

6

Petition III on its own merits, this time the district court would have no choice but to construe Petition III as second or successive because Petition II is already final.

Mr. Blackmon, in his brief, points out that he could not bring the claims asserted in Petition III when he filed Petition II because those claims were still pending in state court and were unexhausted. We understand Mr. Blackmon's predicament, but the Supreme Court has explained that although petitioners "filing mixed petitions may proceed with only the exhausted claims, … doing so risks subjecting later petitions that raise new claims to rigorous procedural obstacles," such as the subsequent petition becoming second or successive. *See Burton v. Stewart*, 549 U.S. 147, 155 (2007).

Here, Mr. Blackmon filed Petition III—containing eleven new claims regarding his 2008 state conviction—only after Petition II was ripe for determination, and the magistrate judge had recommended that Petition II be denied on its merits. Allowing Mr. Blackmon to file Petition III now containing his newly exhausted claims "would be inconsistent with both the exhaustion requirement, with its purpose of reducing 'piecemeal litigation,' and AEDPA, with its goal of 'streamlining federal habeas proceedings.'" *Id*. This is particularly so because we have already denied Mr. Blackmon permission to file a second or successive habeas corpus petition with respect of the merits of the claims in Petition III.

**III**

7

For the foregoing reasons, we affirm the district court's dismissal of Mr. Blackmon's third § 2254 habeas petition.

**AFFIRMED.**